UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SETH KOENEMAN )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>NATIONWIDE ADVISORY )<br>SOLUTIONS, INC. )<br>)<br>  Defendants. ) | CAUSE NO:  3:19-CV-374-RGJ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Seth Koeneman ("Koeneman"), by counsel, against Defendant, Nationwide Advisory Solutions, Inc. ("Defendant"), for violating the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), as amended, 29 U.S.C. §2601 et seq., the Americans with Disabilities Act of 1990 (hereinafter "ADA"), as amended, 42 U.S.C. § 12101 et seq., and the Kentucky Civil Rights Act.

### II. PARTIES

2. Koeneman is a resident of the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this

litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. § 1367; 29 U.S.C. §2617(a)(2); and 42 U.S.C. §12117.

5. Koeneman's state law claim arises from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), 42 U.S.C. § 12111(5)(A) and KRS344.030(2).

7. At all times relevant to this action, Koeneman was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KRS344.030(5).

8. At all times relevant, Koeneman was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

9. Koeneman has a "disability" as that term is defined by 42 U.S.C. § 12102(2) and KRS 344.010(4).

10. Koeneman is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8) and KRS 344.040(1).

11. Koeneman exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of is Notice of Right to Sue.

12. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Western District of Kentucky;

-3-

therefore, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

13. Koeneman was hired by Respondent on or about August 15, 2016 as a Territory Consultant.

14. Koeneman reported directly to Amy Mattingly, Director, Territory Consultants.

15. Joe Richardson, Regional Director, also supervised Koeneman.

16. Koeneman suffers from Attention-deficit/hyperactivity disorder ("ADHD") and an Anxiety Disorder. Koeneman's symptoms include being easily distracted by extraneous stimuli and having difficulty managing sequential tasks.

17. Koeneman's health condition qualifies as a "disability" as that term is defined by the Americans with Disabilities Act, as amended. His condition substantially limits a variety of major life activities, including performing manual tasks and concentrating.

18. In or about February 2017, Koeneman received an evaluation of his performance that stated he was meeting expectations.

19. The following year, in February 2018, Koeneman 's evaluation indicated that he needed to improve his performance and he was placed on a performance improvement plan.

20. In March 2018, Koenemen filed for FMLA in order to receive treatment for his disability. Koeneman used FMLA leave to receive treatment.

-4-

21. In or about May 2018, as an accommodation for his disability, Koeneman requested that Mattingly clarify her work expectations of him and transfer him to a supervisor other than Richardson. Specifically, he requested that he be provided with more consistent coaching, more tangible takeaways, three detailed items that he can work on and use of FMLA for appointments related to his disability.

22. Mattingly denied Koeneman's request for an accommodation.

23. On or about June 18, 2018, Defendant terminated Koeneman's employment based on his failure to meet performance metrics. Defendant's reasons for terminating Koeneman's employment are pretext for discrimination based on his disability and a direct result of its failure to accommodate him.

24. Similarly situated Territory Consultants have not been terminated under the same circumstances. Defendant neither disciplined nor terminated other Territory Consultants, who reported to Mattingly, for missing performance metrics.

## V. LEGAL ALLEGATIONS

### COUNT I: FMLA - RETALIATION

25. Koeneman hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint.

26. Defendant unlawfully retaliated against Koeneman for exercising his rights under the FMLA by terminating his employment.

27. Defendant's actions were intentional, willful and in reckless disregard of Koeneman's rights as protected by the FMLA.

28.     Koeneman suffered damages as a result of Defendant's unlawful actions.

## COUNT II-DISABILITY DISCRIMINATION - ADA

29.     Paragraphs one (1) through twenty-eight (28) of Koeneman's Complaint are hereby incorporated.

30.     Defendant violated Koeneman's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. and the Kentucky Civil Rights Act by discriminating against him because of his actual or perceived disability.

31.     Defendant's actions were intentional, willful and in reckless disregard of Koeneman's rights as protected by the ADA.

32.     Koeneman has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT III-DISABILITY DISCRIMINATION - KCRA

33.     Paragraphs one (1) through thirty-two (32) of Koeneman's Complaint are hereby incorporated.

34.     Defendant violated Koeneman's rights as protected by the Kentucky Civil Rights Act by discriminating against him because of his actual or perceived disability.

35.     Defendant's actions were intentional, willful and in reckless disregard of Koeneman's rights as protected by the KCRA.

36.     Koeneman has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

-6-

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Seth Koeneman, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Provide appropriate accommodations to Plaintiff and reinstate him to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay Plaintiff compensatory damages, including lost future earning capacity;

4. Pay Plaintiff liquidated damages under the FMLA

5. Pay to Plaintiff punitive damages for Defendant's violations of the ADA;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

s/ Andrew Dutkanych
Andrew Dutkanych (Atty No. 91190)
Kiboni A. Yarling (Atty No. 97563)
BIESECKER DUTKANYCH & MACER, LLC
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (812) 561-3443
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
  kyarling@bdlegal.com
*Attorney for Plaintiff, Seth Koeneman*

-7-

## DEMAND FOR JURY TRIAL

The Plaintiff, Seth Koeneman, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

s/ Andrew Dutkanych
Andrew Dutkanych (Atty No. 91190)
Kiboni A. Yarling (Atty No. 97563)
BIESECKER DUTKANYCH & MACER, LLC
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (812) 561-3443
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
      kyarling@bdlegal.com

*Attorney for Plaintiff, Seth Koeneman*